**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IVAN MCKINNEY, | : | |
| | : | Civil Action No. 17-13362 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| STEVEN JOHNSON, et al., | : | |
| | : | |
| Respondents. | : | |

**CECCHI, District Judge.**

Petitioner Ivan McKinney ("Petitioner") petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court previously administratively terminated this action because Petitioner did not pay the $5 filing fee or submit an IFP application. ECF No. 2. Petitioner has now paid the filing fee. Before the Court is Petitioner's (1) § 2254 petition (ECF No. 1) and (2) request for a stay (ECF No. 6). As explained below, Petitioner has failed to specify his grounds for relief in the petition, and he has not included the required acknowledgment pursuant to *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000). Accordingly, he will be permitted to withdraw his petition and file one all-inclusive petition that cures the deficiencies specified herein, and the Court will deny his request for a stay without prejudice to renewal if he chooses to file an amended petition.

As noted above, a habeas petition must include a *Mason* acknowledgment. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second or successive habeas petition under § 2254 must be dismissed unless certain specific and rare circumstances exist. *See* 28 U.S.C. § 2244. "As a result of the AEDPA's two-strike rule, it is

essential that habeas petitioners include in their first petition all potential claims for which they might desire to seek review and relief." *Mason*, 208 F.3d at 417.  Thus, before ruling on a *pro se* § 2254 petition, a court must notify the petitioner that he may (1) have his petition ruled upon as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one year statutory period." *Id.* at 418.  This notice is required "out of a sense of fairness." *Id.*; *see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005) (explaining same).[1]

Rule 2(c) of the Rules Governing Section 2254 Cases provides that a habeas petition must, *inter alia*, specify all grounds for relief available to the petitioner and state supporting facts for each ground.  Petitioner's petition includes no facts or legal argument, and the sections instructing him to set forth his grounds for habeas relief were left blank.[2]  Therefore, as currently drafted, *i.e.*, with no stated grounds for relief or supporting facts, his petition is subject to summary dismissal. *See Chapple v. Brown*, No. 04-0148, 2005 WL 3216469, at *1 (D.N.J. Nov. 22, 2005).  The Court will, however, provide Petitioner an opportunity to file an amended all-inclusive petition.

In a letter dated May 22, 2023, Petitioner advises the Court that his PCR proceedings have concluded, and he seeks a stay of his § 2254 petition so he may present newly discovered evidence "and other issue[]s never addressed" to the state court and exhaust his state court remedies.  ECF No. 6 at 3.  If Petitioner chooses to file an amended petition that complies with Habeas Rule 2(c), the Court will address his request for a stay at that time.  Accordingly,

---

[1] An acknowledgment of this notice is reflected on page 17 of this Court's blank § 2254 petition. *See* AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), "Petition for Relief From a Conviction or Sentence By a Person in State Custody," https://www.njd.uscourts.gov/sites/njd/files/forms/relief%20from%20conviction%20in%20custody.pdf. Petitioner, however, prepared his petition using a different form.  ECF No. 1.

[2]  In his petition, Petitioner advises the Court that his post-conviction relief proceedings are pending (ECF No. 1 at 3), and he seeks "to stay my right to file a petition under 28 U.S.C. 2254" (*id.* at 7, 14 ("I[']m asking this Court to stay my right to file this habeas corpus petition so that I[']m not time barred.")).

**IT IS** on this 17th day of July, 2023,

**ORDERED** that the Clerk of the Court shall reopen this matter solely for the purposes of this Memorandum and Order and then shall administratively terminate this proceeding; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); and it is further

**ORDERED** that Petitioner may have this proceeding reopened, if, within forty-five (45) days of the date of the entry of this Memorandum and Order, he notifies the Court in writing whether he wishes to have his petition ruled on as filed or whether he wishes to withdraw his petition and submit one all-inclusive § 2254 petition; and it is further

**ORDERED** that to the extent Petitioner wishes to withdraw his original petition and submit one all-inclusive amended petition, he must submit the amended petition within forty-five (45) days of the date of this Memorandum and Order; and it is further

**ORDERED** that, upon receipt of a writing from Petitioner stating that he wishes to reopen this proceeding and a writing within forty-five (45) days of the date of this Memorandum and Order stating whether he wishes to have his application ruled on as filed or withdraw his petition and submit one all-inclusive § 2254 petition, the Clerk will be directed to reopen this proceeding; and it is further

**ORDERED** that Petitioner's request for a stay (ECF No. 6) is **DENIED** without prejudice to renewal after an amended petition is filed; and it is further

**ORDERED** that the Clerk shall serve (1) a copy of this Memorandum and Order and (2) a blank section 2254 form (AO 241 (modified): DNJ-Habeas-008 (Rev. 01-2014)) upon Petitioner by regular U.S. mail.

s/ Claire C. Cecchi
_____
**CLAIRE C. CECCHI, U.S.D.J.**