NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN MCKINNEY, | |
| Petitioner, | Civil Action No. 17-13362 (CCC) |
| v. | **MEMORANDUM AND ORDER** |
| STEVEN JOHNSON, et al., | |
| Respondents. | |

**CECCHI, District Judge.**

Petitioner Ivan McKinney ("Petitioner") petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court previously administratively terminated this action because Petitioner failed to specify grounds for relief in his petition and failed to include the required acknowledgment pursuant to *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000). ECF No. 7. Before the Court are Petitioner's requests for (1) this matter to be reopened, (2) an additional 45 days in which to file an all-inclusive habeas petition, and (3) the appointment of pro bono counsel. ECF No. 8.

Petitioner seeks an extension of time in which to file his petition on the bases that (1) he suffers from pain arising out of a variety of physical injuries, and (2) he has been unable to obtain assistance from paralegals. ECF No. 8 at 1. The Court finds Petitioner has established good cause for his need for additional time, and will grant him the requested 45 days in which to file his petition. Petitioner's request to reopen these proceedings, however, will be denied. The Clerk of the Court will be directed to reopen this matter once Petitioner has filed his all-inclusive petition.

Petitioner also seeks the appointment of pro bono counsel on the bases of his (1) pain, (2) lack of "know how," and (3) lack of paralegal assistance. ECF No 8 at 1. Generally, a habeas petitioner has no constitutional or statutory right to representation by counsel. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254. However, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, the Third Circuit has provided the following guidance:

> [T]he district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were straightforward and capable of resolution on the record or the petitioner had a good understanding of the issues and the ability to present forcefully and coherently his contentions.

*Reese*, 946 F.2d at 263–64 (citations and quotations omitted).

Here, the Court is unable to determine if Petitioner has presented a nonfrivolous claim because he has not yet filed a petition setting forth his claims. For this same reason, the Court is unable to evaluate the remainder of the factors set forth in *Reese*. Accordingly, the Court finds that Petitioner's request for counsel is premature and will deny the request without prejudice to renewal once Petitioner has filed his petition.

Accordingly, **IT IS** on this 13th day of September, 2023,

**ORDERED** that the Clerk of the Court shall reopen this matter solely for the purposes of entering this Memorandum and Order and then shall administratively terminate this proceeding;[1] and it is further

**ORDERED** that Petitioner's request for an additional forty-five (45) days in which to file one all-inclusive § 2254 petition (ECF No. 8) is **GRANTED**; and it is further

**ORDERED** that, accordingly, Petitioner shall file one all-inclusive § 2254 petition within forty-five (45) days of the entry of this Memorandum and Order; and it is further

**ORDERED** that Petitioner's request to reopen these proceedings (ECF No. 8) is **DENIED**; however, the Clerk will be directed to reopen this matter upon receipt of Petitioner's all-inclusive § 2254 petition; and it is further

**ORDERED** that Petitioner's request for pro bono counsel is **DENIED WITHOUT PREJUDICE** (ECF No. 8); and it is further

**ORDERED** that the Clerk shall serve (1) a copy of this Memorandum and Order and (2) a blank section 2254 form (AO 241 (modified): DNJ-Habeas-008 (Rev. 01-2014)) upon Petitioner by regular U.S. mail.

                                                s/ Claire C. Cecchi
                                                **CLAIRE C. CECCHI, U.S.D.J.**

---

[1] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).